Filed 8/28/20  Marriage of Miller CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| In re Marriage of HAYLEY and MICHAEL MILLER. | B290473 |
| ——————————————— | (Los Angeles County Super. Ct. No. BD633732) |
| HAYLEY MILLER, | |
| Respondent, | |
| v. | |
| MICHAEL MILLER, | |
| Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Dianna J. Gould-Saltman, Judge.  Affirmed.

Michael Miller, in pro. per., for Appellant.

Law Offices of Judith R. Forman, Judith R. Forman; Schumann│Rosenberg, Kim Schumann, Jeffrey P. Cunningham and Bradley R. Mathews for Respondent.

———————————————

Appellant Michael Miller (Michael) raises several claims of error on appeal. We decline to consider any of these arguments, finding Michael has forfeited them, failed to provide adequate evidence and legal authority in support of them, or has raised issues outside our scope of review.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Background Information*

Michael and Hayley married on September 2, 2000.[1] They have two children.

On January 21, 2016, Hayley filed a petition for dissolution of her marriage in Los Angeles Superior Court, case No. BD633732. On April 28, 2016, Michael filed a response. A review of the case summary confirms this was a highly contentious dissolution case since its conception.

B. *Underlying Dissolution Action*

On March 26, 2018, Michael filed a request for order (RFO) seeking payment by Hayley of $150,000 in attorney fees and costs and $50,000 in expert fees and costs.[2] On April 26, 2018, the court held a hearing on the RFO. On June 12, 2018, the court issued its decision, which addressed several issues:

    a)    Michael's RFO for attorney and expert fees was denied.

---

[1] Because the parties share the same last name, we refer to them by their first names to avoid confusion.

[2] The eight volumes of appendixes prepared by the parties omit the operative RFO filed by Michael, Hayley's responsive opposition, and any reply.

b) The parties' former family residence in Bel Air (Bellagio House) was to be listed for sale. The parties were to cooperate with each other concerning the listing and sale of Bellagio House.

c) The net proceeds derived from the sale of Bellagio House (after outstanding balances paid) were to be deposited into Hayley's attorney's trust account and disbursed pursuant to the parties' stipulation or further court order. The parties' claims about the division of sale proceeds were reserved until trial.

Meanwhile, on May 4, 2018, Hayley had filed an ex parte application for orders enforcing earlier orders of the court.[3] A hearing was held on Hayley's ex parte application on May 18, 2018. The court made the following orders:

a) Michael may choose an agent/broker from the two proposed by Hayley; if he did not respond by a certain deadline, then Hayley may select the agent/broker with whom to list Bellagio House.

b) The designated agent may be allowed to enter Bellagio House with 24 hours' notice by email to both parties; both parties may be present and have a third party present. Michael was ordered not to interfere with the agent's walkthrough.

c) Parties were ordered to meet and confer to facilitate any repairs to Bellagio House to effectuate its sale.

d) Net proceeds of the sale of Bellagio House shall be deposited into Hayley's attorney's trust account; no

---

[3] Again, the record on appeal does not include Hayley's ex parte application and Michael's responsive opposition.

funds are to be disbursed without agreement of parties or by order of the court.

e) Michael was ordered to maintain the property in good condition.

f) The issue of attorney fees incurred by Hayley in connection with the sale of Bellagio House was reserved for trial.

C. *Notices of Appeal*

On May 24, 2018, Michael filed a notice of appeal of the trial court's May 18, 2018 order on Hayley's ex parte application regarding the sale of Bellagio House. A few weeks later, on June 20, 2018, Michael filed another notice of appeal—this time from the trial court's order dated June 12, 2018, regarding the court's denial of Michael's request for attorney and expert fees and costs, and further orders regarding the sale of Bellagio House.

Nearly six months later, on November 2, 2018, Michael requested dismissal of the appeal filed May 24, 2018; on November 6, 2018, this court granted Michael's request.

We note Michael's appeal filed June 20, 2018 was also dismissed in July 2019 for failure to timely file an opening brief; we reinstated this appeal on August 20, 2019. Thus, Michael's notice of appeal filed June 20, 2018 from the trial court's June 12, 2018 order is the only remaining appeal before us.

D. *Related Defamation Action*

After Hayley filed the dissolution petition, Michael filed a civil complaint for defamation and other torts against Hayley and several of her family members and friends. The complaint was filed on September 29, 2017 in Los Angeles Superior Court, case No. SC128169. Michael alleged Hayley and the other named

4

defendants targeted Michael with a "multitude" of unfounded and baseless claims of child abuse which caused the Los Angeles Police Department and Los Angeles County Department of Children and Family Services to formally investigate him. In that case, the trial court awarded Hayley $198,310 in attorney fees and costs as the prevailing party on an anti-SLAPP motion she had filed in response to Michael's complaint. On January 24, 2019, Michael filed a notice of appeal (B296053) challenging that order. The January 24, 2019 appeal has since been dismissed.

## DISCUSSION

We are mindful Michael is representing himself on appeal; he "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) He is thus bound to follow fundamental rules of appellate review, including: "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

5

There are three major problems with Michael's briefing which preclude us from entertaining his arguments on appeal. First, he argues issues that are not part of the June 12, 2018 order in the dissolution action which is the order on appeal here. Second, he fails to include relevant pleadings necessary for our review of issues relevant to the order on appeal. Third, he fails to present adequate legal discussion and cogent argument referring to relevant evidence and the appellate record in general, resulting in a waiver of his arguments.

We address each of Michael's arguments in the order they were raised in his opening brief.

First, Michael argues "in the defamation appeal . . . , any and all orders, rulings and judgments of Judge Gould-Saltman are and were void abinitio, because she should have disqualified herself or been disqualified. Accordingly, she could not be fair and impartial to appellant."

In his opening brief, Michael asserted that the dissolution action and defamation action were consolidated by this Court. We have not ordered consolidation of any appeals, as we have not been provided a stipulation to consolidate, nor have we received a noticed, written motion to consolidate by Michael, per California Rules of Court, rule 8.54.

Later, in his reply brief, Michael "concedes that his appeal from the Defamation Action has been dismissed, and is no longer at issue." It appears Michael erroneously believed the two actions (defamation case and dissolution case) were consolidated at the appellate level, merely because the two actions were deemed "related" at the trial level and were both "assigned to Judge Dianna Gould-Saltman in family law." The defamation

6

action is not part of this appeal and we decline to consider issues pertaining to it.

Second, Michael argues "the defamation case was not a related case to the divorce and custody litigation" and that the lower court erred in ruling the two were related. The trial court's order relating the defamation and dissolution actions was not part of the court's June 12, 2018 order on appeal now. This is outside the scope of our review.

Michael's third and fourth arguments are similarly outside the scope of our review, as he argues the merits of Hayley's anti-SLAPP motion filed in the defamation action and the resulting attorney fees award to Haley.

We summarize Michael's fifth, sixth, and seventh arguments, which we reject below. He contends the August 17, 2018 judgment entered by the lower court in the dissolution matter "is manifestly unfair and should be modified by this honorable Court of Appeal based upon good cause and in the interests of justice and equity." He next contends the lower court erred in awarding to date approximately $800,000 in attorney fees and costs to Hayley especially given what he calls Hayley's "superior economic situation." And finally, Michael argues it was "unlawful, improper and reversible error" for the trial court's failure to properly factor in Michael's substantial separate property contribution and monies concerning the Bellagio House.

Michael's brief is deficient and fails to reasonably assist this court in our understanding of the facts or analysis of the final three arguments he raises in this appeal. Furthermore, some of his arguments arise from a judgment and orders once again not properly before us. Michael repeatedly refers to evidence that was not provided as part of the appellate record, in

contravention of California Rules of Court, rule 8.204(a)(1). It is the appellant's burden on appeal to produce a record " 'which overcomes the presumption of validity favoring [the] judgment.' " (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595.) Failure to provide an adequate record requires that the issue be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

Further, Michael makes generalized and conclusory legal statements throughout his brief, seldom referring to the record before us, and not referring to specific evidence relevant to our consideration of his allegation that the lower court "erred in law and fact" and committed "unlawful, improper and reversible error." It is not this court's task to search the record for evidence that supports a party's factual statements, and we may disregard statements not supported by proper citation or reference to the record. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.)

Most importantly, Michael failed to provide as part of the appellate record the underlying operative RFO filed March 26, 2018, Hayley's responsive opposition, and any reply thereto. If the record does not include all of the evidence and materials the trial court relied on in making its determination, we will not find error. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.)

An appellant who does not provide adequate legal authority and analysis to support a contention forfeits that contention. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)

Here, Michael has failed to offer reasoned analysis of and authority for his last three issues.

For instance, he argues the lower court erred by failing to give proper credit to Michael for his separate property contributions to the Bellagio House "add[ing] up to $1.9 million." He argues the trial court committed reversible error by only allowing in "a few invoices" regarding his out of pocket expenditures towards the remodeling and reconstruction of the house. He refers to his calculations from July 2018, where he believed he is owed "the sum of $1,645,523.09" from Hayley. He then summarily argues: "[T]he court did not give proper weight and credit to his separate property payments and contributions. . . . Appellant should [not] come out of this regrettable legal case like one of the characters in the divorce film, War of the Roses."

However, all of these arguments had but one reference to the record, with no reference to specific reasons why he believes the court erred. These are vague, conclusory, and generalized arguments without evidentiary or legal foundation. Further, while Michael refers to five volumes of reporter's transcripts in his brief, a review of the record in the present appeal shows these transcripts are not before us and were filed in the related appeal B296053. We treat an issue or argument as waived " ' "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority." ' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) "The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also Cal. Rules of Court, rule 8.204(a)(1)(B) ["support each point

9

[in a brief] by argument and, if possible, by citation of authority"].)

Based on the foregoing, we find the arguments waived. The trial court's June 12, 2018 orders are affirmed.

Two final notes.

First, Hayley has asked us to sanction Michael for filing a frivolous appeal. We decline to go so far as to call this a frivolous appeal and deny the request.

Second, Hayley asked us to clarify and/or reconsider our order of July 24, 2020 where we held: "The issues from the appeal filed March 4, 2019 will not be argued in the present appeal . . . as it is not a part of B290473." Hayley contends this was "an inadvertent error, as the only issues which are actively before the Court at this time are issues related to the . . . [March 4, 2019] appeal of the Judgment and Further Judgment." In support, she raised the fact that Michael's opening brief addresses the issues pertaining to his March 4, 2019 appeal.

We disagree and find there was no error. Throughout the span of about a year, Michael filed multiple notices of appeal from two related Los Angeles Superior Court cases—the dissolution case and defamation case—which resulted in two appeals. Michael filed two notices of appeal from the dissolution matter in 2018, and those formed part of B290473. Michael filed two notices of appeal in 2019 (one from the defamation case and one from the dissolution case), and those formed part of B296053.

It does not matter whether Michael briefed the issues pertaining to the March 4, 2019 appeal in his opening brief. What matters is which issues are properly before us in the present appeal. As already noted, the notices of appeal filed May 24, 2018 and June 20, 2018 formed part of the present appeal; as

10

the May 24, 2018 appeal was voluntarily dismissed by Michael, only the issues raised in the June 20, 2018 appeal are properly before us.

## DISPOSITION

The orders are affirmed.  Costs awarded to respondent Hayley Miller.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.

11